## Commonwealth v. Boyd.

*Motor-vehicles — Operating after revocation of license — When a misdemeanor—Acts of June 30, 1919, and May 16, 1921.*

One who operates a motor-car after his license has been revoked by the State Highway Commissioner may be convicted of a misdemeanor under section 14 of the Act of June 30, 1919, P. L. 678, although he operated the car after the time when his license would have expired if it had not been previously revoked. This latter fact does not bring the offence under section 10 of the Act of 1919, amended by section 6 of the Act of May 16, 1921, P. L. 664, which makes the offence not a misdemeanor, but punishable by summary conviction.

Indictment for operating motor-vehicle after license revoked. Motion to quash. Q. S. Lancaster Co., Sept. Sess., 1921, No. 24.

*F. Lyman Windolph,* for motion; *W. C. Rehm,* District Attorney, contra.

HASSLER, J., Jan. 14, 1922.—The indictment which we are asked to quash charges that the defendant on Aug. 6th, and at divers other times in the year 1921, his license to operate a motor-vehicle having been revoked by the State Highway Commissioner on Sept. 30, 1920, "did wilfully operate a motor-vehicle upon the public highways in said county and State without then and there having a license so to do."

The question raised in the motion to quash is which of two sections of the Act of June 30, 1919, P. L. 678, the offence charged is a violation of. Section 10, as amended by section 6 of the Act of May 16, 1921, P. L. 664, provides, *inter alia,* that "no person shall operate a motor-vehicle upon any public highway until such person shall have had issued to him a license or permit by the State Highway Department." This offence is not a misdemeanor, but is punishable by a summary conviction before a justice of the peace. Section 14 provides that "any person whose license has been suspended or revoked who shall operate a motor-vehicle upon any highway in this Commonwealth . . . shall be deemed guilty of a misdemeanor," &c. It is conceded that, if the offence charged is a violation of section 14, the indictment is good, but if it is a violation of section 10, quoted above, it should be quashed.

Section 11 of the Act of June 30, 1919, provides that all licenses shall expire Dec. 31st of the year issued, unless sooner terminated for cause by the State Highway Commissioner. It is contended that the defendant could only violate section 14 of the act if he operated the motor-vehicle, &c., after the revocation of his license by the State Highway Commissioner, which was on Sept. 30, 1920, and before Dec. 31, 1920, when the license revoked would have expired. The offence charged was committed after Dec. 31, 1920. We are not convinced that there is any merit in this contention. Section 14 provides that a person shall not operate such a vehicle after his license has been suspended or revoked, without limitation as to time. Section 23 of the act permits him, under certain circumstances, to obtain a new license after the expiration of a year from the revocation of his former license. If he obtains a new license, section 14 of the act would have no application, because he would then be operating under a license which permitted him to do so; but until he does obtain such new license, he is forbidden by section 14 of the act to operate a motor-vehicle upon the highways of this Commonwealth. We are of the opinion that the offence alleged to have been committed is a misdemeanor, being a violation of section 14 of the act of assembly, and, therefore, discharge the rule to show cause why the indictment should not be quashed.

From George Ross Eshleman, Lancaster, Pa.